IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18CR92 |
| v. | |
| CHRISTOPHER MCNATT, | ORDER |
| Defendant. | |

This matter is before the Court on defendant Christopher McNatt's ("McNatt") Motion to Appoint Counsel (Filing No. 41). McNatt is seeking counsel to represent him in seeking relief "under new case law based on prior predicate enhancement referenced to 'Havis 1990117p.06 No. 17-5772.'" McNatt is presumably seeking relief under *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019), wherein the Sixth Circuit held the definition of "controlled substance offense" in the United States Sentencing Guidelines ("U.S.S.G.") does not include attempt crimes.

"There is no right to counsel in postconviction proceedings." *Garza v. Idaho*, 586 U.S. ___, ___ 139 S. Ct. 738, 749 (2019). The district court has discretion to appoint counsel in postconviction proceedings if it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *see also Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th Cir. 2021). "In exercising its discretion, the court 'should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors.'" *Wiseman*, 984 F.3d at 655 (quoting *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994)). McNatt has presented no facts or evidence from which the Court can conclude that it should appoint counsel in this matter. Accordingly,

IT IS ORDERED: Defendant Christopher McNatt's Motion to Appoint Counsel (Filing No. 41) is denied.

Dated this 9th day of February 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge